OPINION
{¶ 1} Appellant Jamel Anthony Smith appeals a judgment of the Stark County Common Pleas Court dismissing his second petition for post-conviction relief:
 {¶ 2} "Trial court erred as a matter of law when it denied the second petition for post conviction relief when the first one was denied without determining the merits of the case.
 {¶ 3} "When a criminal defendant submit's affidavit's that merit a oral hearing, did the trial court abuse it's discretion by not accepting the affidavit's [sic] as true."
 {¶ 4} On March 7, 2002, appellant was stopped while driving a motor vehicle with fictitious license plates. Canton police officers determined that appellant had an expired operator's license during the course of the stop. Appellant was asked to exit the vehicle. Instead of complying, appellant fled in the vehicle at a high rate of speed, eventually crashing into a residence. Appellant fled from the scene, and was apprehended by police, who found cocaine in his possession.
 {¶ 5} Appellant was indicted by the Stark County Grand Jury with two counts of possession of cocaine and one count of failure to comply with an order or signal of a police officer. Appellant entered a plea of guilty to these charges in the Stark County Common Pleas Court, and was sentenced to a prison term of three years on the second degree felony charge of possession, a consecutive term of two years incarceration on the failure to comply charge, and a concurrent term of seventeen months incarceration on the charge of possession as a fourth degree felony. Appellant did not appeal his conviction and sentence.
 {¶ 6} On July 25, 2002, nearly three months after sentencing, appellant filed a petition for post-conviction relief pursuant to R.C.2953.21. The sole claim raised in the petition was ineffective assistance of counsel. Appellant argued that trial counsel failed to adequately prepare for trial, but did not support his claim with any evidentiary material. The court summarily dismissed the petition, and appellant did not appeal.
 {¶ 7} On October 10, 2002, appellant filed his second petition for post-conviction relief. In this petition, appellant again challenged the effectiveness of his trial counsel. He raised two claims, both dealing with counsel's alleged failure to prepare adequately for trial, the same claim raised in his first petition. However, appellant supported his petition with affidavits. In the affidavits, appellant asserted that he communicated to his trial counsel an adequate defense, that the police, during the chase, came at him with the police cruiser, causing him substantial injury. The court summarily dismissed this petition also. Appellant appeals the judgment dismissing his second petition.
 I {¶ 8} In his first assignment of error, appellant argues that the trial court erred in dismissing his second petition for post-conviction relief. Appellant argues that because the dismissal of the first petition was on procedural grounds and not on the merits, he was entitled to file his second petition at any time.
 {¶ 9} R.C. 2953.23(A) provides that a defendant may file only one petition for post-conviction relief, unless he can satisfy one of the narrow exceptions set forth in the statute. This statute provides in pertinent part:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} In the instant case, appellant raised the same ineffectiveness claim that was raised his first petition. Appellant made no attempt to satisfy the requirements of R.C. 2953.23(A) for successive petitions. The trial court was therefore without jurisdiction to review the merits of appellant's second petition, and properly dismissed the petition summarily.
 {¶ 11} The first assignment of error is overruled.
 II {¶ 12} In his second assignment of error, appellant argues that the trial court erred in dismissing his second petition without an evidentiary hearing, as his affidavit was sufficient to warrant a hearing.
 {¶ 13} As discussed in Assignment of Error I, unless a petitioner demonstrates a second petition falls within the narrowly defined exceptions set forth in R.C. 2953.23, the court may not entertain the second petition. As appellant's petition made no attempt to demonstrate that it fell within one of the narrow exceptions, the court could not entertain the petition, and therefore did not err in failing to hold an evidentiary hearing.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} The judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
By Gwin, P.J., Wise, J., and Boggins, J., concur.